# United States Court of Federal Claims

No. 18-408 T
Filed: February 27, 2019

---

**JOSEPH A. WILSON,**

  *Plaintiff*,

  **v.**

**UNITED STATES OF AMERICA,**

  *Defendant.*

---

**ORDER**

**HODGES**, *Senior Judge*.


Plaintiff filed a complaint alleging that the Internal Revenue Service erroneously and unlawfully imposed a 35% penalty against him for untimely reporting his status as the beneficiary of a foreign trust (I.R.C. § 6048(c)). The penalty was more than $3 million. Plaintiff contends that the penalty should have been 5% for filing as an owner/grantor of a foreign trust (I.R.C. § 6048(b)). His claim for refund was signed by Mr. Adler, his attorney-in-fact. We have not been able to reach the merits of plaintiff's claim, however, because defendant objected to the form of plaintiff's tax refund claim. This raises the question of whether we have subject-matter jurisdiction over the complaint.

The issues raised by the parties' briefs are difficult to resolve as argued. Plaintiff and defendant often cited the same cases as support for their respective positions, and the same regulations as well. In addition, IRS regulations leave several important holes or uncertainties in their application to the facts of this case. We have not found a case in which a person signing as preparer on a claim for refund of taxes was also the taxpayer's attorney-in-fact.

Plaintiff informed the court that, out of an abundance of caution, he submitted to IRS an amended claim signed under penalty of perjury in January 2019. However, as a

1

general rule, jurisdiction must be determined as of the date the complaint is filed. Plaintiff has time to re-file his claim for refund, wait the necessary six months to allow the Commissioner to act on it, then file a new complaint if his claim is rejected. Then, this court would clearly have jurisdiction to act on the merits of his refund claim. The best course is to dismiss this complaint without recourse, for lack of subject-matter jurisdiction.

## BACKGROUND

The IRS assessed a 35% penalty against plaintiff, pursuant to I.R.C. § 6677(a), for failing to file Form 3520, dealing with the annual reporting of transactions with foreign trusts. Plaintiff paid the assessed penalty in June 2017.[1] He filed a timely Form 843 claim for refund in August 2017, signed by Robert M. Adler, plaintiff's counsel. The only signature on the claim for refund is that of Mr. Adler in the "Paid Preparer Use" area of Form 843. The taxpayer normally signs in an area immediately above that, under penalty of perjury. That area was left blank.

The instructions for filing Form 843 state:

> You can file Form 843 or your authorized representative can file it for you. If your authorized representative files Form 843, the original or copy of Form 2848, Power of Attorney and Declaration of Representative, must be attached. You must sign Form 2848 and authorize the representative to act on your behalf for the purposes of the request.

Instructions for Form 843. These instructions also state that "a paid tax return preparer who files Form 843 for you must sign the form and fill in the identifying information at the bottom of the form. The tax preparer must give you a copy of the completed Form 843 for your records." (*Id.*)

The Power of Attorney and Declaration of Representative (Form 2848) submitted by Mr. Adler states that it "will not be honored for any purpose other than representation before the IRS." Form 2848 authorizes the representative to represent the taxpayer before the IRS and perform the following acts:

> to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters

---

[1] Defendant filed a counterclaim alleging that there was an unpaid balance of assessed interest on the penalty. Thereafter, defendant informed the court that the balance was fully paid and therefore that the counterclaim was moot.

> described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents . . . .

(*Id.*) The form excepts certain functions. The instructions for Form 2848, for instance, state that where the taxpayer is authorizing his representative to sign a return, the form must include the following statement in line 5:

> This power of attorney is being filed pursuant to Treasury Regulation section 1.6012-1(a)(5), which requires a power of attorney to be attached to a return if a return is signed by an agent by reason of *[enter the specific reason listed under (a), (b), or (c) under Authority to sign your return above]*.

Instructions for Form 2848. Mr. Adler's Form 2848 POA states that he is authorized to perform acts regarding the following tax matters: income tax (Form 1040), civil penalties (Forms 3520 and 3520-A), and matters relating to foreign banks and financial account reports. Line 4 of the POA, moreover, directs plaintiff to check a box if the authorization is for a specific-use not recorded on the Centralized Authorization File.

The instructions for Form 2848 state that the Centralized Authorization File system contains information regarding the authority of individuals appointed under powers of attorney. The instructions state that a specific-use POA is a one-time or specific-issue grant of authority to a representative or is a POA that does not relate to a specific tax period (except for civil penalties) that the IRS does not record on the system. Claims for refund are considered a specific-use not recorded on the system. The instructions further state that the POA authorizes the representative "*to perform all acts* (*that is, sign agreements, consents, waivers or other documents) that you can perform with respect to matters described in the power of attorney.*" (*Id.* at 13 (emphasis added).)

Defendant contends that plaintiff's claim for refund was not filed properly with IRS, though it acknowledges that the Form 843 attached to the complaint contains a stamp stating that it was received by the IRS.[2] However, IRS' transcript of account does not contain a record that plaintiff filed Form 843 for tax year 2007, according to the Government. Plaintiff pointed out that the IRS has not notified him of any action taken on his refund claim.

---

[2] Defendant has no basis for doubting the authenticity of the copy of the refund claim attached to the complaint. It maintains, however, that that is a very different issue from the issue of whether the Form 843 constitutes a valid refund claim. (ECF No. 30-1 at 14 n.12.)

Defendant raised a question about plaintiff's use of certain "obsolete" forms that included the terms "all acts" and "any and all acts" instead of the current forms that use the term "acts that [the taxpayer] can perform" with reference to the powers granted to the attorney-in-fact. We can see no meaningful distinctions to be drawn among the old versions and the current one, however. Adding 'any' or 'any and all' to define 'acts' would be surplusage.

## LEGAL STANDARD

When deciding a case based on a lack of subject-matter jurisdiction, we "must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor." *Martti v. United States*, 121 Fed. Cl. 87, 95 (2015). With respect to tax refund suits, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury]." 26 U.S.C. § 7422(a).

Section 6532(a)(1) of the IRC, moreover, states that: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time . . . ." Taxpayers are permitted two years to file a claim for refund from the time the tax is paid.

Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 2008).

## DISCUSSION

To support its motion to dismiss for lack of subject-matter jurisdiction, the Government contends that plaintiff's claim for refund was not duly filed. Plaintiff insists, that his claim for refund was duly filed, and even if deemed insufficient, his claim is nonetheless valid as an "informal claim for refund."

Defendant contends that plaintiff did not sign the claim for refund (Form 843) and that the requirement that the claim be verified and signed by the taxpayer under penalty of perjury is jurisdictional. (ECF No. 30-1 at 15 (citing *Earnest v. United States*, 33 Fed. Cl. 341, 344 (1995)).) It maintains that Mr. Adler's signature as preparer does not satisfy this requirement. It states that Mr. Adler was not required to sign his name twice, but that had he been authorized to sign on plaintiff's behalf, he would have signed plaintiff's name

on the penalty of perjury signature line, "/s Joseph Wilson / by Robert Adler." We could not find IRS regulation to such an effect.

> In support of its motion, defendant refers to a Treasury's regulation stating:

> > The statement of the grounds and facts [of the claim] must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1).

> Defendant explained that Mr. Adler's signature on the return preparer line could not verify a refund claim under penalty of perjury because the former serves a different purpose. (ECF No. 33 at 9 (stating that Mr. Adler's signature satisfies the separate obligation in I.R.C. § 6695, not plaintiff's obligation in § 301.6402-2(b)(1)).) Treasury's regulation states that the preparer first signs the claim and then presents it to the taxpayer for signing. 26 C.F.R. § 1.6695-1(b)(1). Plaintiff's briefs do not directly address § 1.6695-1(b)(1) and whether it forecloses his interpretation of Form 843.[3]

> Plaintiff argued that the proper interpretation of Form 843 is that his signature in the paid preparer section incorporates the "under penalty of injury" language, which includes the statement that: "Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge." Plaintiff bases his arguments on the fact that the POA authorizes him to sign a refund claim. Form 843 read with § 1.6695-1(b)(1) makes a distinction between a preparer's and a taxpayer's signature. Yet, it is not clear whether the regulation addresses a preparer who also possesses a power of attorney. In that situation, should the attorney-in-fact sign twice in proximate areas of the form as plaintiff asked, or be required to sign "/s Joseph Wilson /by Robert Adler" as defendant contended?

> Defendant argued that the POA does not authorize Mr. Adler to file the refund claim, as it does not contain a "clear expression of [plaintiff's] intention concerning the scope of authority" it allegedly granted. (ECF No. 30-1 at 17 (citing Treas. Reg. §

---

[3]  26 C.F.R. s. 1.6695-1(b)(1) ("An individual who is signing a tax return as preparer as described in § 301.7701-15(b)(1) of this chapter with respect to a return of tax or claim for refund of tax under the Code as described in § 301.7701-15(b)(4) . . . **shall sign the return or claim for refund after it is completed and before it is presented to the taxpayer . . . for signature**.") (emphasis added).

601.503(a)(6)).) Defendant pointed out that the POA does not list Form 843 or refund claims as matters for which Mr. Adler may represent plaintiff.

The issues, therefore, are whether plaintiff's power of attorney contained a clear expression of his intention concerning the scope of Mr. Adler's authority sufficient to act on plaintiff's behalf to sign the refund claim; whether Mr. Adler's signature as attorney-in-fact on the line for preparer incorporates the "penalty of perjury" language where the taxpayer normally would sign; or whether the informal claim doctrine should be applied to avoid the waste of time and resources of re-filing a complaint once the six-month waiting period expires or the Commissioner rejects plaintiff's claim for refund.

### 1.  *Scope of Mr. Adler's POA and Signature*

The POA authorized Mr. Adler to perform all acts, including signing "other documents," that plaintiff could perform with respect to civil penalties. The question is, does the authority to perform all acts, including signing documents that plaintiff could perform with respect to IRS civil penalties authorize Mr. Adler to sign a claim for refund?

The POA's language authorizes Mr. Adler to sign documents with respect to civil penalties. Such documents, *a priori*, include Form 843 claims for refund.[4] Defendant raised several arguments challenging the scope of the POA, but it did not question directly whether Form 843 is a document "with respect to civil penalties." Defendant focused on the non-exhaustive list of illustrative documents in line 3 of Form 2848 (i.e., agreements, consents, or similar documents) and argued that these documents are not similar to refund claims as they do not contain factual and legal assertions that are to be verified under penalty of perjury.

Yet as noted, plaintiff has the burden of establishing jurisdiction. Mr. Wilson refers to *Aronsohn v. Comm'r*, 988 F.2d 454, 456 (3d Cir. 1993), which held that a POA pursuant to Form 2848 does not require a more specific authorization for including claims for refund. The Third Circuit in *Aronsohn* affirmed the district court's ruling that the IRS form at issue there did not require a more specific POA,[5] but could be properly executed by an agent acting pursuant to a general POA. *See id.* at 456 (finding that agent's signature does not fall within explicit exception to his broad authority under Form 2848). The power here, of course, was not a general power but a limited one.

---

[4]  (*Cf.* ECF No. 30-2 at 7 (Instructions for Form 843) (stating that the purpose of the form is to claim a refund of certain taxes, interests, penalties, fees and additions to tax).)

[5]  The form at issue in *Aronsohn* was Form 870-AD, Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment.

Defendant counters that *Aronsohn* and other cases cited by plaintiff do not address whether Form 2848 authorizes a representative to sign documents under penalty of perjury. (*See* ECF No. 31 at 8 (distinguishing between consents or waivers that do not expose taxpayer to liability for perjury and documents that require signatures under the penalty of perjury).) Plaintiff claims, however, that returns and refunds are different. We note that Form 2848 expressly includes the box "Sign a return," but does not mention refunds.

Refund claims and returns are undoubtedly different in various aspects. Plaintiff has not shown why Form 2848 would require a taxpayer to indicate expressly that his representative is empowered to sign a return under penalty of perjury on his behalf, but would not so require for a refund claim, which is also to be signed under penalty of perjury.

IRS elsewhere has heightened requirements for allowing a representative to sign a document under penalty of perjury on behalf of a principal. *Cf. Mohamed v. C.I.R.*, 106 T.C.M. (CCH) 537, 2013 WL 5988943, at *14 (T.C. 2013) (stating that under Treas. Reg. § 1.6012-1(a)(5), "a return may be made by an agent if the taxpayer is unable to make the return by reason of disease, injury, or continuous absence from the United States, or if, upon a showing of good cause, the taxpayer obtains permission from the IRS . . . . [and] must be accompanied by a power of attorney (or copy thereof) authorizing him to represent his principal in making, executing, or filing the return. A Form 2848, when properly completed, is sufficient").

Plaintiff has not demonstrated by a preponderance of the evidence that Form 2848 is a broad authorization that extends to the signing of a claim for refund. Because Mr. Adler did not have the proper authorization, we do not address the propriety of his signature on the refund claim. *See Loving v. I.R.S.*, 742 F.3d 1013, 1017 (D.C. Cir. 2014) (stating that tax return preparers lack the legal authority to act on a taxpayer's behalf).

### 2.  *Plaintiff's Claim and the Informal Claim Doctrine*

Plaintiff maintains in the alternative that his refund claim qualifies as an informal claim for refund. He contends that the IRS recognizes the validity of informal claims even though not submitted under penalty of perjury.

The informal claim doctrine, as set forth by the Supreme Court, provides that:

> [A] notice fairly advising the Commissioner of the nature of
> the taxpayer's claim, which the Commissioner could reject
> because too general or because it does not comply with formal
> requirements of the statute and regulations, will nevertheless
> be treated as a claim where formal defects and lack of
> specificity have been remedied by amendment filed after the
> lapse of the statutory period.

*United States v. Kales*, 314 U.S. 186, 194 (1941). The parties dispute whether the doctrine is used to satisfy the timeliness requirement of 26 U.S.C. § 6511 or the validity requirement of § 7422.

The focus of the informal claim doctrine in *Kales* is to address the issue of timeliness, where the taxpayer seeks to remedy a timely defective claim (i.e., the informal claim) after the statute of limitations has lapsed. This is confirmed by the facts of the case in *Kales*. The first line of the Court's opinion framed the issue as follows: "was a letter written to the tax collector by respondent taxpayer and lodged with the Commissioner a claim for refund of overpaid taxes *so as to stop the running of the statute of limitations against the claim?*" *Kales*, 314 U.S. at 189 (emphasis added).[6]

Faced with a similar claim as Mr. Wilson, the court in *Anuforo v. Comm'r*, No. 05–2156, 2007 WL 2695805, at *3 (D. Minn. Sept. 10, 2007) held that the "law does not confer subject matter jurisdiction . . . when the suit is commenced prior to the filing of valid Forms 843." The plaintiff in *Anuforo*, like Mr. Wilson, had not signed his refund claim prior to filing in court and had corrected the defect after filing, by re-sending signed forms to IRS. The court dismissed plaintiff's informal claim argument and ruled that because the forms were not valid, they could not satisfy the jurisdictional prerequisite of making a claim to the IRS before initiating a suit in court.

Mr. Wilson cannot rely on the informal claim doctrine to cure his defective claim in these circumstances. He may still obtain an administrative remedy. If his claim for refund is rejected, he may then file his complaint in this court. *Cf. United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 273 (1931) ("The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. It is the rejection

---

[6] *See also* Kurtis A. Kemper, Annotation, *Sufficiency and Perfection of Informal Administrative Claim for Credit or Refund of Federal Tax Overpayments*, 192 A.L.R. Fed. 215 §2[a] (2006) (stating that a "notice fairly advising the Commissioner . . . will nevertheless be treated *as a claim filed within the proper time*, where formal defects and lack of specificity are remedied by amendment filed after the lapse of the statutory period") (emphasis added).

which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation.").

## CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The Clerk of Court will dismiss plaintiff's complaint without prejudice. No costs.


**IT IS SO ORDERED.**


s/*Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Senior Judge